## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| | § | **CASE NO. 09-33753-H5-11** |
| **EAGLE GEOPHYSICAL, INC.,** *et. al.,* | § | |
| | § | **(Chapter 11)** |
| **DEBTORS.** | § | **Jointly Administered** |

| | | |
|---|---|---|
| **POST CONFIRMATION** | § | |
| **COMMITTEE OF EAGLE** | § | |
| **GEOPHYSICAL, INC.,** *et. al.* | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **A. JOHN KNAPP, JR.,** | § | |
| **A. JOHN KNAPP, JR. TRUST, and** | § | |
| **ANDOVER GROUP, INC.** | § | |
| | § | **Adversary No. 10-_____** |
| | § | |
| **Defendants.** | § | |

## COMPLAINT AND OBJECTION TO CLAIMS

**COMES NOW,** the Post Confirmation Committee of Eagle Geophysical, Inc. and Eagle Geophysical Onshore, Inc. (the "Committee"), filing this Complaint and Objection to Claims against A. John Knapp, Jr., ("Knapp"), the A. John Knap, Jr. Trust ("Knapp Trust") and Andover Group, Inc. ("Andover Group" and together with the Knapp Trust and Knapp, the "Knapp Entities"), and in support thereof, respectfully submits as follows:

## I.
## NATURE OF THE ACTION

1.      Eagle Geophysical, Inc. ("Eagle") and Eagle Geophysical Onshore, Inc. ("Eagle

Onshore," and collectively with Eagle, the "Liquidating Debtors") filed voluntary cases under chapter 11 on May 31, 2009 (the "Petition Date").  On June 2, 2009, the Court entered an order jointly administering the cases for procedural purposes.  On April 5, 2010, the Court entered an order confirming the Joint Chapter 11 Plan of Liquidation Submitted by Eagle Geophysical, Inc., Eagle Geophysical Onshore, Inc., and the Official Committee of Unsecured Creditors (the "Plan").  The Plan became effective on April 21, 2010 and on that same date the Liquidating Debtors were substantively consolidated.  Pursuant to the Plan, the Committee is empowered to review, prosecute and settle, on behalf of the Liquidating Debtors, any and all causes of action, rights of action and/or claims for relief that the Liquidating Debtors may have against any former director and/or officer of the Debtors and any recipient of a transfer identified in the Debtors' statements of financial affairs, including any amendments thereto, filed in their chapter 11 cases.

2.      The Committee hereby files this complaint against the Knapp Entities and brings this adversary proceeding seeking avoidance of certain transfers made to the Knapp Entities as preferential transfers under Section 547 of the Bankruptcy Code.  Further, the Committee seeks disallowance of the various claims filed by the Knapp Entities in Case No. 09-33753, including claims 22 and 25 filed by Knapp in the amount of $316,767.00 and $38,000 respectively, claim number 23 filed by the Knapp Trust in the amount of $445,163.00, and claim number 24 filed by Andover Group in the amount of $858,330.00.

## II.
## JURISDICTION AND VENUE

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) and this Court may enter final judgment on the merits of this case.  Venue is proper before this Court pursuant to 28

U.S.C. §§ 1408 and 1409.

### III.
### PARTIES

4.      The Plaintiff, the Post Confirmation Committee, was created pursuant to the confirmed Joint Chapter 11 Plan of Liquidation Submitted by Eagle Geophysical, Inc., Eagle Geophysical Onshore, Inc., and the Official Committee of Unsecured Creditors in the above referenced Chapter 11 Bankruptcy Case of Eagle Geophysical, Inc., *et. al*., Bankruptcy Case No. 09-33753.

5.      Defendant A. John Knapp, Jr., an individual, may be served at his principal residence, located at 1811 Bering Drive, Suite 200, Houston, Texas 77057, or alternatively, at the address indicated on the proof of claim filed in the bankruptcy case, 919 Milam, Suite 1900, Houston, Texas 77002.

6.      Defendant A. John Knapp, Jr. Trust, a Trust, may be served by serving its Trustee, A. John Knapp, Jr., at his principal residence, located at 1811 Bering Drive, Suite 200, Houston, Texas 77057, or alternatively, at the address indicated on the proof of claim filed in the bankruptcy case, 919 Milam, Suite 1900, Houston, Texas 77002.

7.      Defendant Andover Group, Inc., a Texas Corporation, may be served through its registered agent, A. John Knapp, Jr., at 910 Travis, Suite 2205, Houston, Texas 77002, or alternatively, at the address indicated on the proof of claim filed in the bankruptcy case, 919 Milam, Suite 1900, Houston, Texas 77002.

### IV.
### BACKGROUND

8.      Knapp, individually and through the Knapp Trust and Andover Group, made various short-term loans to Eagle.  In the year preceding the Petition Date, Eagle made three

payments of approximately $100,000 each to the Knapp Entities on account of such loans. Additionally, as a part of a lease assignment transaction, Knapp and Andover Group indirectly received $120,000 and $240,000 respectively from Eagle on or about July 30, 2008.  In sum, Knapp received approximately $222,176.44 from Eagle, while the Knapp Trust received approximately $106,318.91 and Andover Group received approximately $344,280.55 (the "Disputed Payments").  The Disputed Payments constitute preferential transfers and should therefore be returned to the estate of the Liquidating Debtors for the benefit of all creditors of the estate.

**V.**
**CAUSES OF ACTION**

**A.  *Count 1:  Preferential Transfers Pursuant to 11 U.S.C. § 547***

9.      The Committee incorporates by reference the allegations in paragraphs 1 – 8.

10.      Section 547(b) of the Bankruptcy Code permits a bankruptcy trustee or creditors' committee to avoid a debtor's preferential transfers to creditors.  A transfer may be avoided if it (i) benefits the creditor; (ii) is made in payment of a debt that is antecedent to the transfer; (iii) is made while the debtor is insolvent; (iv) is made (a) on or within ninety days before the filing of the bankruptcy petition; or (b) between ninety days and one year before the date of filing of the petition, if such creditor at the time of such transfer was an insider; and (v) enables the creditor to receive more than it would under chapter 7 bankruptcy proceedings.  *See* 11 U.S.C. § 547(b). It is the effect of the transaction, rather than the debtor or creditor's intent, that is controlling. *See In re Hughes*, 704 F.2d 820, 822 (5th Cir. 1983).

11.      Eagle transferred an interest in its property when it paid the Disputed Payments, thus clearly benefitting the Knapp Entities.

12.     The Disputed Payments were paid in partial satisfaction of various short-term loans and were therefore on account of antecedent debts.

13.     Eagle was clearly insolvent at the time of the payments.

14.     Further, the Knapp Entities are insiders of Eagle.  Thus, all Disputed Payments paid on or within one year of the Petition Date may constitute preferential payments.  As explained above, Eagle paid a total of $672,775.90 to the Knapp Entities, all within the year preceding the Petition Date.

15.     Lastly, due to the fact that distributions in this case will be less than 100%, the Knapp Entities clearly received more than they would have received if this case were a chapter 7 liquidation. The transfers therefore constitute preferential transfers that should be avoided to the benefit of all creditors of the Liquidating Debtors' bankruptcy estate.

### B.  Count II:  Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550

16.     The Committee incorporates by reference the allegations in paragraphs 1 – 15.

17.     Section 550 of the Bankruptcy Code allows the trustee to recover, for the benefit of the estate, the property transferred and avoided under section 547 from the initial transferee of such transfer or the entity for whose benefit such transfer was made.  *See* 11 U.S.C. § 550(a).

18.     The Committee is entitled to avoid the transfers to the Knapp Entities pursuant to 11 U.S.C. §§ 547.  The Knapp Entities were the initial transferees of such transfers.  Thus, pursuant to 11 U.S.C. § 550(a), the Committee is entitled to recover from the Knapp Entities a total of $672,775.90 in preferential transfers.

### C.  Count III:  Recharacterization of Debt Pursuant to 11 U.S.C. 510(c)

19.     The Committee incorporates by reference the allegations in paragraphs 1 – 18.

20.     Section 510(c) of the Bankruptcy Code allows a court, under principles of

equitable subordination, to subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim . . . .  *See* 11 U.S.C. § 510(c).  Knapp, and the entities controlled by Knapp, are insiders of Eagle pursuant to 11 U.S.C. § 101(31).  The Disputed Payments paid to the Knapp Entities were paid on account of various loans which were not made pursuant to commercially reasonably terms.  Furthermore, no *bona fide* third party lender would have made such a loan.  As such, the debt incurred by Eagle pursuant to these loans constitutes equity and should therefore be recharacterized as such under 11 U.S.C. § 510(c).

## VI.
## OBJECTION TO CLAIMS NO. 22, 23, 24 and 25

21.     Knapp filed two unsecured claims (identified as Claim Nos. 22 and 25 on the Court's claims register) in the amount of $316,767.00 and $38,000 respectively.  The Knapp Trust filed an unsecured claim (identified as Claim No. 23 on the Court's claims register) in the amount of $445,163.00.  Lastly, Andover Group filed an unsecured claim (identified as Claim No. 24 on the Court's claims register) in the amount of $858,330.00.  As explained above, these claims are based upon unpaid insider loans made by the Knapp Entities to Eagle.  As such, the debt should be recharacterized as equity and these claims should be disallowed in their entirety.

22.     In addition, the Committee objects to the claims of the Knapp Entities pursuant to 11 U.S.C. § 502(d).  Section 502(d) states that the court "shall disallow any claim of any entity . . . that is a transferee of a transfer avoidable under section . . . 547 . . . of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section . . . 550 . . . of this title."  11 U.S.C. § 502(d).

23.     As explained in detail above, the Knapp Entities are transferees of preferential transfers pursuant to sections 547 of the Bankruptcy Code, and their claims should therefore be

disallowed in their entirety pursuant to 11 U.S.C. § 502(d).

## V.
## PRAYER

WHEREFORE, the Committee respectfully requests that, upon trial of this matter, the Court enter judgment in favor of the Committee as set forth above and grant such other and further relief, both at law and in equity, to which it is justly entitled.

Dated:  June 21, 2010

Respectfully submitted,

**OKIN ADAMS & KILMER LLP**

By: /s/ *Matthew S. Okin*_____
    Matthew S. Okin
    Texas Bar No. 00784695
    Email: mokin@oakllp.com
    M. Renee Moxley
    Texas Bar No. 24065799
    Email: rmoxley@oakllp.com
    1113 Vine St. Suite 201
    Houston, TX 77002
    Tel: (713) 228-4100
    Fax: (888) 865-2118

**ATTORNEYS FOR THE POST CONFIRMATION COMMITTEE**